IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHEYENNE C. BUNETA and TERRY BUNETA, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 16-CV-794-SMY-DGW |
| vs. | ) ) |
| FAIRMONT CITY, ILLINOIS, TERESA SUAREZ, ROJAS VEGA, FRANCISCO BARAJAS, PANLINO ROSAS and MIROSLAVA JUAREZDE BARAJAS | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiffs Cheyenne Buneta and Terry Buneta filed this action in the Circuit Court of St. Clair County, Illinois seeking damages against Defendants Fairmont City, Illinois, Teresa Suarez, Rojas Vega, Francisco Barajas, Panlino Rosas, and Miroslava Juarezde Barajas[1]. Defendants Fairmont City and Teresa Suarez removed the action to this Court asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331. Now pending before the Court is Plaintiffs' Motion to Remand (Doc. 7). Defendants Fairmont City and Suarez filed an Amended Notice of Removal (Doc. 8) and a response (Doc. 9). Defendants Francisco Barajas, Panlino Rosas, and Miroslava Juarezde Barajas filed consents to removal (Docs. 11, 15). For the following reasons, the motion to remand is **DENIED**.

Plaintiffs rent space and sell soap at a flea market operated by Fairmont City. Plaintiffs allege that Defendants Suarez, Vega, the Barajas and Rosas are their competitors at the flea

---

[1] Defendant Miroslava Juarezde Barajas is incorrectly named as Miroslava Juarezde Baragos. The Clerk is DIRECTED to correct Ms. Barajas name on the docket.

market. Plaintiffs, who are Caucasian, allege that Defendants, who are "non-white Hispanics," have committed acts of battery and assault upon Plaintiffs, but Fairmont City has failed to do anything. In Count I of the Complaint, Plaintiffs assert claims against the Fairmont City Police Department pursuant to the Illinois Civil Rights Act of 2003. In Count II, Plaintiffs allege that Plaintiff Cheyenne Buneta was wrongfully arrested by Defendant Teresa Suarez, a police officer employed by Defendant Fairmont City, for allegedly utilizing racial slurs. Plaintiffs deny using racial slurs, but assert that even if Cheyenne Buneta did, she had a fundamental Constitutional right to do so. In Count III, Plaintiffs allege that Defendant Suarez arrested Cheyenne Buneta without probable cause. In Count V, Plaintiffs allege that the defendants conspired together to tortuously interfere with Plaintiffs' soap business at the flea market in violation of Illinois law.

Federal district courts have original jurisdiction of "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. In assessing the propriety of removal based on federal question jurisdiction, the district court applies the well-pleaded complaint rule which provides that such jurisdiction exists "only when the federal question is presented on the face of the plaintiff's properly pleaded complaint." *Jass v. Prudential Health Care Plan, Inc.,* 88 F.3d 1482, 1486 (7th Cir. 1996).

Plaintiffs do not deny that the Complaint presents federal questions. Specifically, Plaintiffs allege that Defendant Suarez, an officer of the Fairmont City Police Department, unlawfully arrested Cheyenne Buneta for disorderly conduct on the purported basis that she used racial slurs. Plaintiffs assert the arrest was in violation of their freedom of speech protected under the First Amendment as incorporated against the states pursuant to the Fourteenth Amendment. Plaintiffs also assert that no probable cause existed for the arrest. These claims fall under the Court's original jurisdiction.

Moreover, the Court can exercise its supplemental jurisdiction over Plaintiffs' state law claims against the remaining Defendants.  A court has supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  "Claims form part of the same case or controversy when they derive from a common nucleus of operative fact."  *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 683 (7th Cir. 2014).  This standard is not particularly demanding, and a "loose factual connection between the claims is generally sufficient."  *Id.* (citation and internal quotation marks omitted).  Thus, "[d]ifferent causes of action between the same parties that arise from the…the same events will ordinarily be part of the same case or controversy.  *Id*.

Here, Plaintiffs' state-law claims arise out of the same set of facts as plaintiffs' federal claims:  Plaintiffs have allegedly been subjected to harassment and discrimination, including an unlawful arrest, by the Defendants while trying to sell soap at a flea market operated by Fairmont City.  Thus, all of Plaintiffs' claims arise from the same common nucleus of operative facts, which gives the Court supplemental jurisdiction over Plaintiffs' state-law claims.

Plaintiffs' sole argument is that Defendants Francisco and Miroslava Barajas, Vega and Rosas did not consent to the removal.  Plaintiffs are correct that removal is only proper if all defendants who have been served at the time the removal notice is filed consent to the removal.  *See Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 368–69 (7th Cir. 1993) (internal citations omitted).  At the time Defendants Fairmont City and Suarez filed their notice of removal, Defendants Rosas, Fransciso Barajas, and Miroslava Barajas had been served.  The original notice, however, did not have the requisite consent of all served Defendants.  However, a defendant may freely amend the notice of removal for thirty days after a defendant receives a copy of the state court

complaint, or is served, whichever comes first. *See* 28 U.S.C. § 1446(b). After Plaintiffs filed their motion to remand, Defendants Fairmont City and Suarez filed an amended notice of removal in which they received the consent of all served Defendants. The amended notice of removal was filed within thirty days of the original notice of removal. Moreover, Defendants Rosas, Fransciso Barajas, and Miroslava Barajas filed separate consents to the removal within the required time period (*see* Docs. 11, 15). Accordingly, Plaintiffs' argument is rejected and the motion to remand is denied.

**IT IS SO ORDERED.**

**DATED: October 26, 2016**

            **s/ Staci M. Yandle**
            **STACI M. YANDLE**
            **United States District Judge**