IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHEYENNE C. BUNETA and TERRY BUNETA, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 16-CV-794-SMY-DGW |
| vs. | ) ) |
| FAIRMONT CITY, ILLINOIS, TERESA SUAREZ, ROJAS VEGA, FRANCISCO BARAJAS, PANLINO ROSAS and MIROSLAVA JUAREZDE BARAJAS | ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Plaintiffs Cheyenne Buneta and Terry Buneta filed this action in the Circuit Court of St. Clair County, Illinois seeking damages against Defendants Fairmont City, Illinois, Teresa Suarez (the "Fairmont City Defendants"), Rojas Vega, Francisco Barajas, Panlino Rosas, and Miroslava Juarezde Barajas. Plaintiffs allege constitutional law violations against the Fairmont City Defendants and state law claims against the remaining Defendants. The Fairmont City Defendants removed the action to this Court asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331. Now pending before the Court is the Fairmont City Defendants' Motion for a Good Faith Finding (Doc. 31). For the following reasons, the motion is **GRANTED**.

The Joint Tortfeasor Contribution Act (the "Act") provides that a tortfeasor who settles in good faith with the injured party is discharged from contribution liability. *Wreglesworth ex rel. Wreglesworth v. Arctco, Inc.,* 317 Ill. App. 3d 628, 633, 740 N.E.2d 444, 448 (2000). The requirement that the settlement be made in good faith is contained in section 2(c) of the Act. *See* 740 ILCS 100/2(c). Section 2(d) provides that "[t]he tortfeasor who settles with a claimant pursuant to paragraph (c) is discharged from all liability for any contribution to any other

tortfeasor." 740 ILCS 100/2(d). The good faith requirement is the only limitation placed on the right to settle. *Dubina v. Mesirow Really Dev., Inc.,* 197 Ill.2d 185, 258 Ill.Dec. 562, 756 N.E.2d 836, 840 (Ill. 2001). The term "good faith" is not defined in the Act, but a settlement is considered *prima facie* in good faith if the settling tortfeasor establishes that it was supported by consideration. *Solimini v. Thomas,* 293 Ill.App.3d 430, 437, 227 Ill.Dec. 875, 688 N.E.2d 356, 361 (1997).

To evaluate whether a settlement was made in good faith, a court may consider the following: (1) whether the amount paid by the settling tortfeasor was within a reasonable range of the settlor's fair share; (2) whether there was a close personal relationship between the settling parties; (3) whether the plaintiff sued the settlor; and (4) whether a calculated effort was made to conceal information about the circumstances surrounding the settlement agreement. *Wreglesworth,* 740 N.E.2d at 449 (quotations and citations omitted). "No single factor is seen as determinative." *Id.* Illinois courts consistently hold that it is unnecessary for a trial court to conduct separate evidentiary hearings, decide the merits of the tort case, or rule on the relative liabilities of the parties before making a good faith determination. *See Johnson v. United Airlines,* 203 Ill.2d 121, 271 Ill.Dec. 258, 784 N.E.2d 812, 818 (Ill. 2003); *Smith v. Texaco,* 232 Ill.App.3d 463, 173 Ill.Dec. 776, 597 N.E.2d 750, 755 (Ill. App. 1992); *Ruffino v. Hinze,* 181 Ill.App.3d 827, 130 Ill.Dec. 542, 537 N.E.2d 871, 874 (Ill. App. 1989).

Here, Plaintiffs and the Fairmont City Defendants reached a settlement of $10,000.00, inclusive of all costs and fees. In exchange for consideration provided by the Fairmont City Defendants, Plaintiffs have agreed to sign a full and unconditional release. The Fairmont City Defendants assert that the settlement is reasonable and was reached after arms-length negotiations.

After considering the factors set forth above, the Court finds that settlement was made in good faith within the meaning of the Act.  The settlement is reasonable given the underlying facts in this matter. There is nothing in the record to indicate that Plaintiffs and the Fairmont City Defendants have a close personal relationship.  Nor does the settlement appear to be a calculated effort to conceal information about the circumstances of the settlement agreement.  Finally, there have been no objections to the settlement by the remaining defendants.  Accordingly, pursuant to the settlement agreement, Defendants Fairmont City, Illinois, and Teresa Suarez are **DISMISSED with prejudice**.  The Clerk of Court shall enter judgment accordingly at the close of this case.

**IT IS SO ORDERED.**

**DATED:  December 21, 2016**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**