IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHEYENNE C. BUNETA and<br>TERRY BUNETA,<br><br>        **Plaintiff,**<br><br>vs.<br><br>FAIRMONT CITY, ILLINOIS,<br>TERESA SUAREZ, ROJAS VEGA,<br>FRANCISCO BARAJAS, PANLINO<br>ROSAS and MIROSLAVA JUAREZDE<br>BARAJAS<br><br>        **Defendants.** | )<br>)<br>)<br>)<br>)   **Case No. 16-CV-794-SMY-DGW**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

On July 7, 2016, Plaintiffs Cheyenne Buneta and Terry Buneta filed this action in the Circuit Court of St. Clair County, Illinois seeking damages against Defendants Fairmont City, Illinois, Teresa Suarez (the "Fairmont City Defendants"), Rojas Vega, Francisco Barajas, Panlino Rosas, and Miroslava Juarezde Barajas (Doc. 1-1). Plaintiffs alleged constitutional law violations against the Fairmont City Defendants and a sole state law claim against the remaining Defendants. On July 14, 2016, the Fairmont City Defendants removed the action to this Court asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiffs recently settled with the Fairmont City Defendants (*see* Doc. 31), leaving only the state law claim against the remaining Defendants. For the following reasons, the Court exercises its discretion and **REMANDS** this case to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois.

Although § 1367(a) authorizes federal courts to exercise supplemental jurisdiction over state law claims, this does not mean that federal courts *must* exercise jurisdiction in all cases. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172, 118 S. Ct. 523, 533, 139 L. Ed.

2d 525 (1997). Rather, supplemental jurisdiction is "a doctrine of discretion…" *Id.* In fact, the district court's discretion to relinquish supplemental jurisdiction is "almost unreviewable," especially when all federal claims have been dropped from the case before trial and only state law claims remain. *Huffman v. Hains,* 865 F.2d 920, 923 (7th Cir. 1989); *Groce v. Eli Lilly & Co.,* 193 F.3d 496, 501 (7th Cir. 1999) ("it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial."). "At that point, respect for the state's interest in applying its own law, along with the state court's greater expertise in applying state law, become paramount concerns." *Id.*

In this case, the claims giving rise to federal jurisdiction have been settled and dismissed. Upon dismissal, the sole basis for the assertion of federal jurisdiction evaporated, and the only remaining dispute involves a state law conspiracy claim. Given the dismissal of the constitutional claims, federal jurisdiction over this action is based entirely upon the supplemental jurisdiction statute. The Court finds that judicial economy is not served by the retention of jurisdiction. This case is still in its early stages – no Rule 16 conference has occurred nor is there a scheduling order in place. Presumably, the parties have engaged in little or no discovery. At this point, the burden of the state law claims would be the same for a federal as for a state court, and there would be no substantial duplication of effort if the state law claims were tried in the state court. *See Wright v. Assoc. Ins. Cos.,* 29 F.3d 1244, 1251 (7th Cir.1994) (holding that the district court should have relinquished jurisdiction over state law claim when the federal claims were dismissed and there was very little federal judicial investment in the state law claims).

Accordingly, this Court exercises its discretion and remands this matter back to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois. The Clerk of Court is **DIRECTED** to close this case and all pending motions are terminated as **MOOT**.

**IT IS SO ORDERED.**

**DATED:  December 22, 2016**

                <u>**s/ Staci M. Yandle**</u>
                **STACI M. YANDLE**
                **United States District Judge**